# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IDELLA C. MULLINS,
Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
Agency.

DOCKET NUMBER
SF-831M-15-0818-I-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL∗

<u>Idella C. Mullins</u>, Las Vegas, Nevada, pro se.

<u>Gwendolyn Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman<br>Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) concerning an overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

∗ A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a former Federal employee who retired in July 2009. Initial Appeal File (IAF), Tab 10 at 33-38. Just after she began collecting her annuity, OPM informed the appellant that she would be subject to an offset when she became eligible for Social Security benefits. *Id*. at 32.

¶3 Although the appellant became eligible for Social Security benefits in February 2011, OPM did not adjust her annuity to account for the offset until August 2014. *Id*. at 15-20. As a result, OPM determined that she was overpaid a total of $18,714 between March 2011 and July 2014. *Id*. The appellant requested reconsideration, but OPM affirmed its overpayment decision. *Id*. at 6-9. OPM acknowledged that the appellant was not at fault for the overpayment, but concluded that she was not entitled to a waiver. *Id*. at 8.

¶4 The appellant filed the instant appeal challenging OPM's reconsideration decision. IAF, Tab 1. The administrative judge affirmed the decision. IAF, Tab 17, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

¶5 In an appeal such as this, OPM bears the burden of proving, by preponderant evidence, the existence and amount of an annuity overpayment.

*Davis v. Office of Personnel Management*, 109 M.S.P.R. 48, ¶ 7 (2008) (citing 5 C.F.R. § 831.1407(a)). If OPM meets that burden, the appellant bears the burden of proving, by substantial evidence, her entitlement to a waiver or adjustment of the overpayment. *Id*., ¶ 11 (citing 5 C.F.R. § 831.1407(b)). A waiver may be granted when the annuitant is without fault and recovery would be against equity and good conscience. *Id*. (citing 5 U.S.C. § 8346(b), 5 C.F.R. § 831.1403(a)). Generally, recovery is against equity and good conscience when: it would cause financial hardship; the annuitant can show that, because of the overpayment, she relinquished a valuable right or changed positions for the worse; or recovery would be unconscionable under the circumstances. *Id*. (citing 5 C.F.R. § 831.1403(a)).

¶6        The administrative judge found that OPM met its burden of proving the existence and amount of the overpayment. ID at 3-8. In short, he determined that the appellant was a Civil Service Retirement System (CSRS) Offset employee, requiring that her annuity be offset when she reached age 62 and became eligible for Social Security benefits, but the offset was not effectuated in a timely manner, resulting in overpayments totaling $18,714. ID at 5-7; *see* IAF, Tab 10 at 16-18, 38; *see generally Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 2 (2011) (recognizing that the CSRS Offset is a version of the CSRS for employees whose service is subject to deductions for both the CSRS and the Old Age, Survivors, and Disability Insurance program under the Social Security Act), *aff'd per curiam*, 493 F. App'x 105 (Fed. Cir. 2013); 5 C.F.R. § 831.1005(a)-(c) (providing the applicability and formula for calculating the CSRS Offset). The administrative judge also found that while the appellant was not at fault for the overpayment, she had not met her burden of proving that she was entitled to a waiver. ID at 8-9; *see Davis,* 109 M.S.P.R. 48, ¶ 11. He determined that recovery would not be unconscionable under the circumstances; OPM notified the appellant of the offset just after she retired, and the delay in effectuating the offset was largely attributable to her former employer. ID at 9; *see* IAF, Tab 10

at 32, 42-62.  Further, the appellant presented no argument or evidence to establish financial hardship or detrimental reliance.  ID at 8-9.

¶7        Although the appellant has filed a pleading that we have construed as a petition for review, it contains no arguments.  PFR File, Tab 1 at 3.  The pleading asserts,

I have no new information to offer and you have rejected all the reason[s] I have given for not taking my money.  When you start taking my money again I will file with the courts . . . it is truly time for a new set of eyes and I choose to put this matter in the hands [] of a lawyer.

   *Id*.

¶8        A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record.  *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92-93 (1992).  Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error.  *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980).  Because the appellant's petition for review contains neither evidence nor argument demonstrating any error by the administrative judge in affirming OPM's reconsideration decision, we find that her petition does not meet the Board's criteria for review under 5 C.F.R. § 1201.115.  We discern no basis for disturbing the administrative judge's findings.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:             _____
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.